FILED

NOV 18 2015

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JACK GRIFFIN,<br><br>                  Petitioner,<br><br>vs.<br><br>LEROY KIREKEGARD;<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>                  Respondents. | CV 15–24–BU–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation in this case on August 12, 2015, recommending that Petitioner Jack Griffin's petition for writ of habeas corpus under 28 U.S.C. § 2254 be dismissed. Because Griffin timely objected to the Findings and Recommendation, the Court will conduct *de novo* review of the record. 28 U.S.C. § 636(b)(1). Those portions of the Findings and Recommendation to which Griffin has not specifically objected will be reviewed for clear error. *Id.*; *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Additionally, "[w]here a petitioner's objections constitute 'perfunctory responses argued in an attempt to engage the district court in a rehashing of the same

arguments set forth in the original habeas petition,' the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (quoting *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)). For the reasons listed below, the Court adopts Judge Lynch's Findings and Recommendation in full.

In 1984, Griffin was convicted in Montana state court of sexual intercourse without consent and sentenced to thirty years with fifteen years suspended. In 1998, while on probation, Griffin was convicted of incest and sentenced to an additional thirty years with fifteen years suspended. He was released on February 6, 2006. In response to a petition filed by the state, the state district court partially revoked Griffin's suspended sentence, imposing a term of eleven years, 285 days with six years, 281 days suspended. When Griffin was released, the state filed another petition to revoke. The court denied that petition, but it sanctioned Griffin for failing to attend sexual offender therapy. On May 7, 2014, following the state's third petition, the district court revoked the remainder of Griffin's suspended sentence, finding Griffin had violated the conditions of his probation. Griffin is now serving the reinstated sentence of six years, 281 days. *Griffin v. Strutzel*, No. OP-14-0819 (Mont. March 17, 2015).

Griffin has proven a prodigious litigant, filing frequently in both the state

arguments set forth in the original habeas petition,' the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (quoting *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)). For the reasons listed below, the Court adopts Judge Lynch's Findings and Recommendation in full.

In 1984, Griffin was convicted in Montana state court of sexual intercourse without consent and sentenced to thirty years with fifteen years suspended. In 1998, while on probation, Griffin was convicted of incest and sentenced to an additional thirty years with fifteen years suspended. He was released on February 6, 2006. In response to a petition filed by the state, the state district court partially revoked Griffin's suspended sentence, imposing a term of eleven years, 285 days with six years, 281 days suspended. When Griffin was released, the state filed another petition to revoke. The court denied that petition, but it sanctioned Griffin for failing to attend sexual offender therapy. On May 7, 2014, following the state's third petition, the district court revoked the remainder of Griffin's suspended sentence, finding Griffin had violated the conditions of his probation. Griffin is now serving the reinstated sentence of six years, 281 days. *Griffin v. Strutzel*, No. OP-14-0819 (Mont. March 17, 2015).

Griffin has proven a prodigious litigant, filing frequently in both the state

and federal systems.[1] Two of Griffin's prior state proceedings are relevant here. In *Griffin v. Strutzal*, the Montana Supreme Court upheld the legality of Griffin's original sentence and the revocation of his suspended sentence. No. OP 14-0819 (Mont. 2015). In *Griffin v. Kirkegard*, Griffin raised six claims identical to those raised here, and the Montana Supreme Court dismissed each on state grounds. No. OP 15-0265 (Mont. 2015). Because Judge Lynch very clearly detailed the factual and procedural background in his Findings and Recommendation, the Court will further discuss the facts and procedural history only as they become relevant to its analysis of Griffin's claims.

Griffin's claims are as follows:

(1) That the trial court exceeded its authority by imposing a sentence to the Department of Corrections of six years, 281 days, in violation of Montana statutes and the ex post facto clause;

(2) That the sentence of six years, 281 days is an illegal sentence in contravention of Griffin's right to due process of law, right to be free of cruel and unusual punishment, and right to equal protection;

---

[1] *See State v. Griffin*, 172 P.3d 1223 (Mont. 2007); *Griffin v. State*, No. OP 11-0377 (Mont. 2011); *Griffin v. Kirkegard*, No. OP 12-0254 (Mont. 2012); *Griffin v. Strutzel*, No. OP 14-0819 (Mont. 2015); *Griffin v. Kirkegard*, No. OP 15-0265 (Mont. 2015); *Griffin v. Mahoney*, No. CV-02-21-H-DWM-LBE (D. Mont. Mar. 19, 2004); *Griffin v. Mahoney*, No. CV-09-90-BU-SEH-CSO (D. Mont. July 5, 2005).

(3) That the trial court violated Griffin's due process rights by not considering alternatives to incarceration;

(4) That the trial court exceeded its authority by imposing restrictions upon his probation not authorized by statute;

(5) That the trial court acted unlawfully by modifying Griffin's conditions of release without holding a hearing at which Griffin was present; and

(6) That the trial court unlawfully delegated its authority to the Department of Corrections which resulted in a violation of the Eighth Amendment.

Judge Lynch finds claims (4) and (5) do not assert a violation of a federal constitutional right, recommending that each be dismissed for lack of jurisdiction. Griffin objects, asserting that claims (4) and (5) raise federal due process concerns such that this Court has jurisdiction. Judge Lynch recommends that, although claims (1), (2), (3), and (6) are grounded in federal constitutional rights, each should be denied on the merits. Griffin's objections to Judge Lynch's analysis of claims (1), (2), (3), and (6) are addressed below within the Court's discussion of each.

**I.      Claims (4) and (5)**

The Court first considers Griffin's objections relevant to claims (4) and (5) because its determination of each claim requires resolution of the same threshold

issue, whether Griffin's federal due process rights may be implicated when conditions are imposed on his probation. The federal Constitution gives Griffin no due process guarantee to release "before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Griffin has no federal liberty interest in his probation beyond that created by the state. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curium). Where there is no federal liberty right except what the state has created, it follows that the state may draw the boundaries of that right as it sees fit.

Here, the state limited Griffin's liberty interest by placing conditions on his probation. State law governs the nature of those conditions and the process by which they are guaranteed. The conditions were imposed pursuant to Montana law, and "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Claims (4) and (5) are dismissed for lack of jurisdiction.

## II. Claims (1) and (2)

Judge Lynch analyzed claims (1) and (2) in tandem, recommending denial of each based on his finding that the state district court lawfully revoked Griffin's sentence. In his petition, Griffin asserted the district court was limited by a five-year sentencing cap. Griffin claimed that the court, in revoking his suspended

5

sentence, exceeded its authority by requiring that he serve out the six years and 281 days remaining on his original sentence. Because the court awarded Griffin credit for time served, Judge Lynch determined Griffin's revoked sentence of six years and 281 days did not exceed the five-year statutory cap. Griffin raises a single objection to Judge Lynch's analysis, claiming that the five-year cap applied to the entire revocation, including his time served. Griffin's objection fails for two reasons: first, the district court did not sentence him when it revoked his sentence; and second, no five-year cap applies to either the imposition or revocation of a sentence.

Griffin's claims stem from a 2014 state proceeding in which the state district court did not impose a sentence but revoked a sentence previously imposed. Griffin's probationary release from a lawfully imposed sentence was a privilege, not a right. The state district court lawfully revoked that privilege when it found that Griffin had failed to meet conditions appropriately imposed upon his probation. The statute relevant to revocation of a suspended sentence provides: "If the judge finds that the offender has violated the terms and conditions of the suspended or deferred sentence, the judge may . . . revoke the suspension of sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer

imprisonment or commitment term than the original sentence[.]" Mont. Code Ann. § 46–18–203(7)(a), (a)(iii) (2013).

The statute upon which Griffin relies, which outlines sentences that may be imposed, applies only upon initial sentencing. It is irrelevant to the district court's revocation of his sentence. Because Griffin relies so heavily on this statute, however, the Court will briefly address his contentions. The statute is permissive, not mandatory; it provides that "a sentencing judge *may* impose a sentence that *may* include" one or more listed measures. Mont. Code Ann. § 46–18–201(3)(a) (emphasis added). One of those measures is "referr[al] to the department of corrections, with a recommendation for placement in an appropriate correctional facility or program [with] all but the first 5 years of the commitment . . . suspended[.]" § 46–18–201(3)(iv)(A). This is the provision upon which Griffin bases his argument that the district court exceeded its authority by ordering his return to state custody. Griffin reads the statute to constructively say that a sentencing court may never sentence any offender to more than five years. When read in its entirety, however, the statute also provides that a court may impose "a term of incarceration, as provided in Title 45 for the offense, at a county detention center or at a state prison to be designated by the department of corrections[.]" § 46–18–201(3)(a)(iii). Not only was the revocation lawful, but under this statute,

7

the original sentence was as well.

### III. Claim (3)[2]

Judge Lynch determined that the district court did not violate due process when it did not discuss alternatives to incarceration in revoking his sentence. Griffin objects, arguing: (1) because he is a nonviolent offender without a serious criminal record, alternatives should have been considered; and (2) the revocation of his suspended sentence violates due process because conditions were imposed upon his suspended sentence following a 2006 hearing despite his physical absence from the hearing. Both arguments fail.

Convicted of felony sexual intercourse without consent and felony incest, Griffin is a violent offender with a substantial criminal record. Griffin cites to Montana Code Annotated § 46–18–101, which provides both: "[s]entencing practices must include punishing violent and serious repeat felony offenders with incarceration"; and "[s]entencing practices must provide alternatives to imprisonment for the punishment of those nonviolent felony offenders who do not have serious criminal records." This statute applies only to the imposition of Griffin's initial sentence, not to revocation of his suspended sentence. As to the original sentence, Griffin falls into the category of violent and serious repeat

---

[2] Claim (3) is mistakenly referred to as claim (4) in the Findings and Recommendation.

felony offenders, and incarceration was appropriate.

Additionally, even if the procedure followed in 2006 regarding the conditions of Griffin's suspended sentence were relevant to Griffin's challenge of the 2014 revocation, the procedure violated neither Montana law nor federal due process. The order entered in 2006 clarified rather than changed the original conditions of Griffin's suspended sentence. In fact, the court never conducted a hearing because none was required. Order, *Griffin v. Kirkegard*, No. OP 15-00265 (2015) at 3. The Montana Supreme Court determined that the district court complied with the statutory requirements. *State v. Griffin*, 172 P.3d 1223, 1224–25. Finally, the Court cannot hear an argument grounded solely in an alleged failure to meet state statutory requirements because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67–68. Griffin's objections as to claim (3) are without merit.

## IV. Claim (6)

Judge Lynch found that the Montana Department of Corrections' addition of electronic monitoring violated neither the Due Process Clause nor the Eighth Amendment. Griffin objects, asserting that only the court may require electronic monitoring. His objection fails. Griffin voluntarily assented to participation in the

9

Department of Corrections' monitoring program. Further, requiring electronic monitoring during the term of a lawfully imposed sentence does not violate the prohibition on cruel and unusual punishment.

Griffin has not "made substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. Here, there are neither close questions nor reason to encourage further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability is unwarranted.

There being no clear error in the remainder of Judge Lynch's Findings and Recommendation,

IT IS ORDERED that:

1. Judge Lynch's Findings and Recommendation (Doc. 16) are ADOPTED IN FULL.

2. Griffin's claims 4 and 5 are DISMISSED for lack of jurisdiction.

3. Griffin's claims 1, 2, 3, and 6 are DENIED for lack of merit.

4. The Clerk of Court shall enter by separate document a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 18th day of November, 2015.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court